1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MUHAMMAD JALAL DEEN AKBAR,              No.  2:22-cv-2276 KJM DB PS
      SR.,
12

13                    Plaintiff,              ORDER AND

14           v.                               FINDINGS AND RECOMMENDATIONS

15    ASHANTI PUBLISHING GROUP, et al.,

16                    Defendants.

17

18          Plaintiff Muhammad Jalal Deen Akbar Sr. is proceeding in this action pro se.  This matter

19    was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. §

20    636(b)(1).  Pending before the court are plaintiff's amended complaint, motions to proceed in

21    forma pauperis pursuant to 28 U.S.C. § 1915, as well as a second submission of a large collection

22    of random documents.  (ECF Nos. 1, 5, 10.)  The amended complaint consists of

23    incomprehensible and delusional allegations.

24          The court is required to screen complaints brought by parties proceeding in forma

25    pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

26    2000) (en banc).  Here, plaintiff's amended complaint is deficient.  Accordingly, for the reasons

27    ////

28    ////

1

stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without leave to amend.[1]

## I.      Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

////

---

[1] Given the recommendations found herein, the Clerk of the Court will be direct to return to plaintiff the large collection of random documents, some of which appear to contain sensitive information.

2

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court, as explained by Rule 8 of the Federal Rules of Civil Procedure ("Rules"), are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Amended Complaint

"[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328.

Here, the amended complaint's statements consist of vague, conclusory, and delusional allegations. For example, the amended complaint names as defendants "all American Citizens" and "American So Called Negros who were sold then bought into slavery." (Am. Compl. (ECF No. 9) at 2, 3.) The asserted basis for jurisdiction is "The U.S. Constitution and all its

////

3

1   Amendments[.]"  (<u>Id.</u> at 4.)  The asserted amount in controversy is "$1.5 billion should suffice for

2   now."  (<u>Id.</u> at 5.)

3      With respect to claims, the amended complaint asserts that "Everyday millions of bogus

4   bills go out to US Citizens to pay 000,000.00 of Now Itemized Bills for Now Provable Bills."

5   (<u>Id.</u>)  That "for Negroes we need a land we can have our own nation[.]"  (<u>Id.</u>)  That plaintiff "filed

6   criminal charges against all but the Magistrate . . . intercepted and filed criminal charges against

7   me[.]"  (<u>Id.</u> at 10.)

8      In this regard, the amended complaint's allegations are delusional and frivolous.  <u>See</u>

9   <u>Denton</u>, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged

10  rise to the level of the irrational or the wholly incredible, whether or not there are judicially

11  noticeable facts available to contradict them").

12  **III.     Leave to Amend**

13     For the reasons stated above, plaintiff's amended complaint should be dismissed.  The

14  undersigned has carefully considered whether plaintiff may further amend the complaint to state a

15  claim upon which relief can be granted.  "Valid reasons for denying leave to amend include

16  undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan</u>

17  <u>Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath</u>

18  <u>Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

19  be freely given, the court does not have to allow futile amendments).

20     Here, given the defects noted above, the undersigned finds that granting plaintiff further

21  leave to amend would be futile.

22              **CONCLUSION**

23     Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that the Clerk of

24  the Court return the documents submitted by plaintiff.

25  ////

26  ////

27  ////

28  ////

4

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 11, 2023 application to proceed in forma pauperis (ECF No. 5) be denied;

2. Plaintiff's January 17, 2023 application to proceed in forma pauperis (ECF No. 10) be denied;

3. The amended complaint filed on January 17, 2023, be dismissed without prejudice; and

4. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 8, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6

5

DB\orders\orders.pro se\akbar2276.dism.f&rs